IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**BENJAMIN BENAVIDEZ TELLES,**

        Petitioner,

vs.                                                           Civ. No. 02-1262 MCA/LCS

**JOE R. WILLIAMS,**

        Respondent**.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDATION**

**THIS MATTER** is before the Court upon Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 filed October 8, 2002 *(Doc. 1),* Respondent's Motion to Dismiss filed January 8, 2003 *(Doc. 12)*, and upon Petitioner's Motion for Appointment of Counsel filed October 8, 2002 *(Doc. 3)*. Petitioner is proceeding *pro se* and *in forma pauperis*. The Court finds that Petitioner's Motion for Appointment of Counsel is not well-taken, and recommends that the Motion be DENIED; that Respondent's Motion to Dismiss is well-taken, and recommends that Respondent's Motion to Dismiss be GRANTED; and further recommends that Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 filed October 8, 2002 be DISMISSED WITH PREJUDICE.

### I. PROCEDURAL BACKGROUND

1.      Petitioner filed his Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on October 8, 2002 *(Doc. 1),* proceeding *pro se* and *in forma pauperis*. Respondent

answered the Petition on November 18, 2002 *(Doc. 10)*, in which Respondent asked that the Court dismiss the Petition. The Court thereafter set a briefing schedule on the implied Motion to Dismiss, requiring Respondent to file a Motion to Dismiss with supporting memoranda by January 13, 2003, requiring Petitioner to respond no later than February 25, 2003, and permitting Respondent to file a Reply by April 14, 2203. *(See Doc. 11)*.

      2.      Respondent filed his Motion to Dismiss within the time provided by the Court. Petitioner failed to file a Response to the Motion to Dismiss.

      3.      The Court thereafter entered an Order on April 8, 2003 *(Doc. 14)* and again Ordered that Petitioner file a Response to the Motion to Dismiss **no later than May 19, 2003.** The Court permitted Respondent to file a Reply thereto **no later than June 19, 2003.**

      3.      In the February 5, 2003 Order, the Court noted:

> If Petitioner fails to file a Response within the requisite time period, the Court shall consider such failure as a consent to dismissal of this action **WITH PREJUDICE.**

*See* Order Requiring Plaintiff to File Response to Motion to Dismiss, and Permitting Respondent to File a Reply Thereto filed April 8, 2003 *(Doc. 14)(emphasis in original)*.

      4.      The Court further noted in the April 8, 2003 Order that:

> Petitioner is reminded that failure to file a Response within the time period specified in this Order will be considered a consent by the Petitioner to granting of the Motion to Dismiss this matter WITH PREJUDICE.

*See* Order Requiring Plaintiff to File Response to Motion to Dismiss, and Permitting Respondent to File a Reply Thereto filed April 8, 2003 *(Doc. 14)(emphasis in original)*.

      5.      Petitioner failed to file a Response with the Court by May 19, 2003.

6. Petitioner has failed to file his Response even beyond the deadline set by the Court; and the docket reflects that no Response has yet been filed.

7. The Court therefore recommends that Petitioner be found to have consented to granting of the Motion to Dismiss this matter with prejudice.

## II.   PETITIONER'S STATE COURT PROCEEDINGS

8. Petitioner was confined pursuant to the Judgement, Sentence, Commitment and Order Partially Suspending Sentence filed November 27, 2001 in the Third Judicial District Court, County of Dona Ana. Answer Ex. A. Petitioner had pled guilty to Murder in the Second Degree, a second degree felony, as charged in Count 1 of the Grand Jury Indictment and Tampering with Evidence, a fourth degree felony, as charged in Count 1 of the Grand Jury Indictment. *Id.*

9. Petitioner was sentenced to be imprisoned by the Department of Corrections for a term of fifteen years and upon completion of this sentence, to a two-year term of parole for Count I, Murder in the Second Degree. Answer Ex. A. Petitioner was further sentenced to a term of eighteen months, and upon completion of this sentence, to a one-year term of parole for Count 2, Tampering with Evidence. *Id.* The sentences as to Counts 1 and 2 were to be served consecutive to each other. *Id.* The Court found that aggravating circumstances existed and altered the basic sentence pursuant to N.M. Stat. Ann. § 31-18-15.1 and enhanced the Petitioner's sentence by two and one-half years. *Id.* The Court therefore sentenced the Petitioner to a total term of nineteen years in the custody of the New Mexico Corrections Department to be followed by two years on parole. Answer Ex. A. The Plea and Disposition Agreement signed by the Petitioner and filed on July 26, 2001 specifically provided that "any

basic sentence may be altered up to one third for aggravating and mitigating circumstances." Answer Ex. B.

10. The State of New Mexico filed a Notice of Intent to Seek Aggravating Circumstances on November 13, 2001. Answer Ex. C. The State also filed a Motion for Reconsideration on November 19, 2001, asking that the Court hear evidence and argument in reference to the State's Notice of Intent to Seek Aggravating Circumstances. Answer Ex. D.

11. Petitioner filed a Notice of Appeal on December 26, 2001. Answer Ex. E. In his appeal, Petitioner raised five issues: (1) whether the preclusion of evidence showing the intoxication of the victim constituted plain or fundamental error requiring a new trial; (2) whether the Court illegally enhanced Petitioner's sentence upon hearing the State's Motion to Reconsider Sentence on November 26, 2001; (3) whether Petitioner was denied due process of law; (4) whether counsel was ineffective; and (5), whether the Court and the prosecutor were prejudiced against Petitioner. Answer Ex. F.

12. By Memorandum Opinion filed May 8, 2002, the Court of Appeals of New Mexico addressed each of these issues. Answer Ex. I. The Court held that as to Petitioner's first claim of error, Petitioner was precluded by his guilty plea from bringing evidentiary issues on appeal. Answer Ex. 1 (citing *New Mexico v. Hodge*, 118 N.M. 410, 414, 882 P.2d 1,5 (N.M. 1994). The Court further held that as Petitioner was not in executive custody after oral pronouncement of the sentence, the trial court was not precluded from modifying Petitioner's sentence, distinguishing the facts in the instant matter from those raised in *New Mexico v. Porras*, 126 N.M. 628, 973 P.2d 880 (N.M. Ct. App. 1999). Answer Ex. 1. Petitioner's third claim was not briefed, and was addressed by both Petitioner and the Court with issue number 5.

*Id.* With regard to Petitioner's ineffective assistance claim, the Court noted that the matters of which Petitioner complained "all involve tactical decisions" on matters which were not of record. Answer Ex. I. The Court therefore found that "they provide no basis for review on direct appeal." Answer Ex. I (internal citations omitted). In addressing Petitioner's claims of prosecutorial and judicial bias, the Court of Appeals noted that the comments made by the prosecutor at sentencing were well within the bounds of proper advocacy. *Id.* The Court further noted that Petitioner's allegation that the trial judge was biased against him because she knew his family did not establish a violation of due process. *Id.* The Court further noted that Petitioner's argument that the presence of a Bosnian film crew put undue pressure on the trial court to ensure a conviction was without merit. Answer Ex. 1. With regard to Petitioner's argument that the trial court did not like a poem he read during sentencing, the Court of Appeals noted that there was no tangible evidence that the trial court liked or disliked Petitioner's poem and declined to engage in speculation. *Id.* The Court of Appeals also declined to revisit *New Mexico v. Wilson*, 130 N.M. 319, 24 P.3d 351, *cert. quashed*, Docket No. 26,923 (December 26, 2001), which held that *Apprendi v. New Jersey*, 530 U.S. 466 (2000) was not violated where the trial court aggravates a defendant's sentence. Answer Ex. I.

      13.      Petitioner, through counsel, thereafter petitioned the New Mexico Supreme Court for writ of certiorari on May 28, 2002. Answer Ex. J. The petition for certiorari was denied on June 18, 2002. Answer Ex. K. Petitioner filed the instant Application for Writ of Habeas Corpus Pursuant to § 2254 on October 8, 2002. *(Doc. 1)*. In the instant Application, Petitioner has presented the Court with three claims of error: first, whether the trial court erred in precluding evidence that the victim was under the influence of drugs or alcohol at the time of the

incident; second, whether an aggravation of his sentence violated the prohibition against double jeopardy; and third, whether there was sufficiency of evidence to support his conviction of tampering with evidence. *See* Application for Writ of Habeas Corpus Pursuant to § 2254 at 5a - 5c.

### III.   RESPONDENT'S MOTION TO DISMISS

14.   In the Motion to Dismiss filed on January 9, 2003 *(Doc. 12)* and the accompanying Memorandum in Support of Motion to Dismiss *(Doc. 13)*, Respondent argues that Petitioner's Application must be dismissed because Petitioner has failed to his exhaust one or two of his three claims in state court. Respondent further urges the Court to find that as Petitioner advances no claims cognizable under 28 U.S.C. §2254, such dismissal be with prejudice. Respondent notes that Petitioner failed to preserve his claim that evidence of the victim's intoxication was wrongly suppressed. Memo. at 2. Respondent further argues that even if such claim were exhausted, Petitioner has failed to demonstrate that his counsel was incompetent or that absent any failure by counsel, the outcome would have been different. Respondent argues that the decision by the Court of Appeals as to Petitioner's claim that aggravation of his sentence violated the prohibition against double jeopardy was not in error, and that no Federal constitutional right was violated by sentencing according to the laws of New Mexico. Memo. at 6. Respondent finally argues that Petitioner has failed to articulate a meritorious claim regarding sufficiency of the evidence as to his tampering conviction, and even if Petitioner does state such a claim, he has failed to exhaust his state court remedies. Memo. at 6-7.

6

### A.     Exhaustion

15.     A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)(citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (requiring state prisoner bringing federal habeas corpus action to show that he exhausted available state remedies) and *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992)).

16.     Petitioner failed to present all of his claims to the highest state court having jurisdiction.  Petitioner has thus failed to exhaust his state remedies.  28 U.S.C. § 2254(b)(1)(A) provides that a habeas corpus petition on behalf of a state prisoner "shall not be granted" unless the petitioner has exhausted his state court remedies. When the court is " faced with a habeas petition containing unexhausted claims may either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits." *Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir.  2002)(citing 28 U.S.C. § 2254(b)(2)).

### B.     State Court Decision on the Merits

17.     In this matter, the Court of Appeals issued an opinion which addressed the merits of Petitioner's exhausted claims (i.e., his claim on double jeopardy and ineffective assistance of counsel).  Answer Ex. I.  The Court further held that as Petitioner was not in executive custody after oral pronouncement of the sentence, the trial court was not precluded from modifying Petitioner's sentence, distinguishing the facts in the instant matter from those raised in *New Mexico v. Porras*, 126 N.M. 628, 973 P.2d 880 (N.M. Ct. App. 1999).  Answer Ex. 1.   The

Court of Appeals also declined to revisit *New Mexico v. Wilson*, 130 N.M. 319, 24 P.3d 351, *cert. quashed*, Docket No. 26,923 (December 26, 2001), which held that *Apprendi v. New Jersey*, 530 U.S. 466 (2000) was not violated where the trial court aggravates a defendant's sentence.  Answer Ex. I.   In addressing Petitioner's  ineffective assistance of counsel claim, the Court noted that the matters of which Petitioner complained "all involve tactical decisions" on matters which were not of record.  Answer Ex. I.  The Court therefore found that "they provide no basis for review on direct appeal."   Answer Ex. I (internal citations omitted).

   18.  Because Petitioner filed his federal habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the petition is ruled by its provisions. *See Williams v. Taylor*, 529 U.S. 362, 402, (2000).  Under AEDPA, the standard of review for a given claim for relief depends on whether or not the state courts adjudicated the claim on its merits. *See generally, Williams,* 529 U.S. 362;  28 U.S.C. § 2254(d)(1).   If the state courts decided a claim on its merits, the Court may grant habeas relief only if the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the Court."  28 U.S.C. § 2254(d)(1).   The Court must presume that the factual findings of the state court are correct, unless they are rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). If the state court addressed a claim under an improper legal standard, however, the Court is "unconstrained by AEDPA deference." *Revilla v. Gibson,* 283 F.3d 1203, 1220 n.14 (10th Cir. 2002), *petition for cert. filed*,   U.S.L.W. (Sept. 9, 2002) (No. 02-6372).

19. A review of the decision of the New Mexico Court of Appeals makes apparent that the Court's decision was not "contrary to", nor did it "involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," nor was the Court's decision " based on an unreasonable determination of the facts in light of the evidence presented in the Court." *See* 28 U.S.C. § 2254(d)(1); Answer Ex. I.

20. Having examined the merits of Petitioner's claims, and finding them without merit, I recommend the dismissal of the petition without further proceedings. *Hoxsie v. Kerby*, 108 F.3d 1239, 1242-43 (10th Cir. 1997).

**C.     Failure to Respond**

21. I also note that Petitioner has failed to respond to the Motion to Dismiss despite being given an extension of time in which to respond. *See* Order Requiring Plaintiff to File Response to Motion to Dismiss, and Permitting Respondent to File a Reply Thereto filed April 8, 2003 *(Doc. 14)*. It is apparent that the claims raised in Petitioner's § 2254 are without merit. Petitioner has come forward with no additional information to controvert the information provided in the Answer and the Motion to Dismiss and supporting Memorandum, nor has he come forward with any applicable provisions of law to demonstrate that his Petition includes any claim cognizable under federal law.   In the April 8, 2003 Order the Court reminded Petitioner "that failure to file a Response within the time period specified in this Order will be considered a consent by the Petitioner to granting of the Motion to Dismiss this matter WITH PREJUDICE." *See* Order Requiring Plaintiff to File Response to Motion to Dismiss, and Permitting Respondent to File a Reply Thereto filed April 8, 2003 *(Doc. 14)*.

22. Civil Rule 7.1 (b) of the District of New Mexico Local Rules, provides that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." Petitioner failed to file a response to the Motion to Dismiss before this Court. As such, the failure of Petitioner to respond to the Motion before the Court constitutes his consent to granting of the Motion.

23. In *Meade*, the Tenth Circuit noted that "[d]ismissal of an action with prejudice is a severe sanction, applicable only in extreme circumstances."*Meade v. Grubb*s, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988)(internal citations omitted). The *Meade* analysis requires the Court to consider three aggravating factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant. Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Meade*, 841 F.2d at 1521 (internal citations omitted).

24. The Tenth Circuit has further noted that these factors should be considered in light of the "strong predisposition to resolve cases on their merits." *See Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998); *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395-96 (10th Cir. 1988)(where attorney failed to respond, resulting in delay of almost two weeks, court abused its discretion in denying plaintiff's motion for reconsideration following dismissal of case based on local rule).

25. In the instant matter, the Court has not relied solely upon Petitioner's failure to file a Response, but has examined the merits of Petitioner's claims. Considering the *Meade* factors, the Court notes that Respondent is prejudiced by having to defend against these claims

and is entitled to timely disposition of his Motion; that the delay has interfered with the judicial process; and that Petitioner, having failed to respond to the Motion to Dismiss, despite being allowed additional time and being ordered to do so, is responsible for such delay. The Court finds that Petitioner's Application is without merit, and further finds that Respondent's Motion to Dismiss is well-taken.

**C.        Petitioner's Motion for Appointment of Counsel**

26.     Petitioner filed a Motion for Appointment of Counsel on October 8, 2002 *(Doc. 3)*. In considering a request appointment of counsel, the Court should "'give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)(quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). In reviewing Petitioner's motion, the Court has considered "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised in the claims." *Rucks*, 57 F.3d at 979 (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). The Court has reviewed the petition and subsequent pleadings in light of the foregoing factors. The Court has found that Petitioner's claims are without merit. The Court therefore finds that Petitioner's Motion for Appointment of Counsel filed October 8, 2002 *(Doc. 3)* is not well-taken and should be denied.

27.     Based upon the applicable law and the facts, the Court makes the following recommendation.

**RECOMMENDED DISPOSITION**

I recommend that Petitioner's Motion for Appointment of Counsel be DENIED; that Respondent's Motion to Dismiss be GRANTED; and that Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 filed October 8, 2002 be DISMISSED WITH PREJUDICE.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**